WALLACE STATE BANK AND WALLACE LIVE STOCK LOAN CO., PETI-
TIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4300. Promulgated April 5, 1927.

1. Under the provisions of section 240(a) of the Revenue Act
of 1918, the tax shall, in the absence of an agreement of affiliated
corporations, be assessed on the basis of the net income properly
assignable to each corporation.

2. The Board has no jurisdiction to determine whether an
overpayment of tax should be credited or refunded or whether
the credit or refund is barred by the period of limitation pro-
vided by statute.

*E. J. Jones, Esq., Ernest B. Fowler, Esq.,* and *G. G. Connelly,
Esq.,* for the petitioners.
*A. H. Fast, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in
income and profits taxes for the years 1918 and 1919 totaling
$7,866.55. At the hearing the parties stipulated the facts, and, in
the event the Board affirmed the Commissioner's apportionment, the
correct tax liability and the deficiencies of each petitioner for each
of the years. The only question submitted to the Board was the
proper basis for apportioning the tax for each year between the
petitioners.

FINDINGS OF FACT.

The petitioners are Colorado corporations with principal offices
at Monte Vista. Although petitioners were in fact affiliated corpo-
rations, they made separate returns of income for the taxable years
and paid the tax thereon shown.

Upon the basis of consolidated returns the correct aggregate tax
liability of these petitioners for 1918 is $7,099.12, the amounts pre-
viously assessed against them aggregate $3,372.22, and the aggre-
gate deficiency is $3,726.90. Upon the same basis the correct tax
liability of these petitioners for 1919 is $4,428.16, the amounts
previously assessed against them aggregate $4,311.44, and the net
deficiency is $116.72.

The petitioners have not filed with the respondent an agreement
for the apportionment of the 1918 and 1919 taxes between them,
and the respondent has proposed to assess said taxes against them
upon the basis of the net income properly assignable to each. Ap-
portioning said taxes upon the basis proposed by the respondent,
the following results are obtained:

1. The correct tax liability of the Wallace State Bank for 1918
is $5,927.77; the amount previously assessed is $2,524.67, and the

deficiency is $3,403.10. The correct tax liability of the Wallace Live Stock Loan Co. for 1918 is $1,171.35; the amount previously assessed is $847.55, and the deficiency is $323.80. The aggregate deficiency is $3,726.90.

2. The correct tax liability of the Wallace State Bank for 1919 is $3,507.10; the amount previously assessed and paid is $3,799.21, and the overassessment and overpayment is $292.11. The correct tax liability of the Wallace Live Stock Loan Co. for 1919 is $921.06; the amount previously assessed is $512.23, and the deficiency is $408.83. The net deficiency of both petitioners for 1919 is $116.72.

The petitioners on March 8, 1920, filed separate returns of income for the year 1919 and paid taxes thereon in the amounts and upon the dates as follows:

WALLACE STATE BANK.

| | | |
|---|---|---|
| Original 1919 assessment | | $3,799.21 |
| Paid March 15, 1920 | $949.80 | |
| Paid May 29, 1920 | 949.80 | |
| Paid Sept. 16, 1920 | 949.80 | |
| Paid Dec. 2, 1920 | 949.81 | |
| | | 3,799.21 |

WALLACE LIVE STOCK LOAN CO.

| | |
|---|---|
| Original 1919 assessment | 512.23 |
| Paid March 15, 1920 | 512.23 |

No claim for a refund or credit of 1919 taxes was filed by either of the petitioners or both of them jointly, on or before April 1, 1926, or within four years from the time the taxes for said year were paid. The appeal herein was filed May 19, 1925, more than four years after the last payment made by either of the petitioners on 1919 taxes.

At the hearing of this appeal the petitioners filed an agreement entered into between themselves and dated October 16, 1926, providing that the total taxes for the years 1918 and 1919, as determined by the Board, shall be apportioned between them in the same ratio as the tax paid by each of them for each said year bears to the total tax paid by both of them for each said year. The percentages thus determined, for each petitioner for the respective years, are:

| | 1918. | 1919. |
|---|---|---|
| | *Per cent.* | *Per cent.* |
| Wallace State Bank | 74.87 | 88.12 |
| Wallace Live Stock Loan Co. | 25.13 | 11.88 |

OPINION.

VAN FOSSAN: In view of the stipulations entered into between the parties we have only one question for consideration, viz.: Has the respondent properly apportioned the taxes for the respective years between the affiliated corporations, or, in other words, may the affiliated corporations, by later agreement, alter the apportionment of taxes made by the respondent pursuant to statute in the absence of such an agreement?

It is stipulated that the petitioners have not filed with the respondent any agreement for the apportionment of the taxes for the years in question. The respondent determined the amount of tax due for each year, and in the absence of any agreement between petitioners, allocated the tax to the petitioners upon the basis of the net income properly assignable to each. This action of the respondent was precisely in accord with the express provisions of section 240 (a) of the Revenue Act of 1918 and the taxes were correctly so assessed.

From the stipulation it appears that there is an overassessment for 1919 as to one of the petitioners. The respondent contends, however, that since the facts also disclose that the petitioners have failed to file a claim for refund or credit for such overpayment, or to file their appeal with this Board, within the time limitation set by section 284 (e) of the Revenue Act of 1926, which, under the law, is a condition precedent to the refund or credit of such overpayment, this refund or credit is barred.

In the *Appeal of Dickerman & Englis, Inc.*, 5 B. T. A. 633, we held that the Board has no jurisdiction to determine whether an overpayment of tax should be credited or refunded to the taxpayer or to determine whether credit or refund is barred by the period of limitation provided by the statute. We accordingly express no opinion on this point.

*Judgment will be entered on 15 days' notice, under Rule 50.*